UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MASTERSCAPES, INC., a Texas corporation, DANIEL HAUGHT, and CATHERINE HAUGHT,<br><br>     Plaintiffs,<br><br>v.<br><br>JEREMY CROPPER and MASTERSCAPES OUTDOOR & DESIGN LLC, a Georgia limited liability company.<br><br>     Defendants. | Civil Action No _____ |

**COMPLAINT**

For their complaint against Defendants Jeremey Cropper and Masterscapes Outdoor & Design LLC (collectively, "**Defendants**") for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and false designation of origin/unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiffs MasterScapes, Inc. and Daniel and Catherine Haught, allege as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff MasterScapes, Inc. ("**MasterScapes**") is a Texas corporation with its principal place of business at 330 Bacacita Farms Rd, Abilene, Texas, 79602.

2. MasterScapes provides certain landscaping and irrigation services, including landscape design, landscape construction, lawn care, and related property care services.

3. Plaintiffs Daniel and Catherine Haught are husband and wife, residents of Texas, and sole shareholders of MasterScapes, Inc. (hereafter, the "**Haughts**", and together with MasterScapes, "**Plaintiffs**").

4. Defendant Masterscapes Outdoor & Design LLC ("**Masterscapes Outdoor**") is a Georgia limited liability company, with its principal place of business at 1687 W North Main St, Lafayette, Georgia, 30728.

5. Upon information and belief, Masterscapes Outdoor provides certain landscaping and irrigation services, including landscape design, landscape construction, lawn care, and related property care services.

6. Defendant Jeremey Cropper ("**Cropper**") is Masterscapes Outdoor's registered agent.

7. Upon information and belief, Cropper is the sole member and sole manager of Masterscapes Outdoor.

8. Upon information and belief, Cropper is a resident of Catoosa County, Georgia.

9. This is an action for trademark infringement and unfair competition under Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a).

10. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a), and 1338(a) and (b).

11. Venue is proper in this district under 28 U.S.C. § 1391(b).

12. This Court has personal jurisdiction over Defendants because Defendants reside in and have their regular and established places of business within this district, regularly conduct business within this district, and have committed and directed the alleged acts of trademark infringement and unfair competition from within this district.

## GENERAL ALLEGATIONS

13. In January 1992, the Haughts began providing landscape design, construction, and maintenance services to others in West Texas through Haught Landscape Company, and later through MasterScapes.

14. In 1994, Plaintiffs began advertising, marketing, promoting, offering, selling, and providing (among other services), irrigation system installation and maintenance services, landscape design services, landscape gardening services, lawn

care services, and irrigation system design services to others, under the trademark MASTERSCAPES.

15. Plaintiffs have continuously used the MASTERSCAPES mark in commerce ever since that time, in connection with the advertising, marketing, promoting, offering, selling, and provision of those services.

16. Plaintiffs also own the domain name <masterscapes.com>, and the associated website, www.masterscapes.com.

17. As a result of Plaintiffs' substantial time, effort, money, and resources spent developing, marketing, advertising, and promoting their services offered, sold, and provided under the MASTERSCAPES mark, the consuming public has come to recognize and rely upon Plaintiffs as the source of the services marketed, advertised, promoted, offered, sold, and provided under the MASTERSCAPES mark.

18. On March 18, 1996, the Haughts, through counsel, filed an application with the United States Patent and Trademark Office ("**USPTO**") to register the MASTERSCAPES mark, Serial No. 75073719, in International Class 37 for "installation and maintenance of irrigation systems", and in International Class 42 for "landscape gardening design for others; landscape gardening; law [sic] care; irrigation systems design for others."

19. On January 21, 1997, the USPTO granted the Haughts a valid and subsisting federal trademark registration for the MASTERSCAPES mark,

Registration No. 2032316, on the Principal Register. A true and correct copy of the Registration Certificate for the MASTERSCAPES mark is attached hereto as **Exhibit A**.

20. Subsequent to its registration, the MASTERSCAPES mark became incontestable in 2003, pursuant to 15 U.S.C. § 1065. As such, the Registration Certificate constitutes conclusive evidence of the validity and registration of the MASTERSCAPES mark, the Haughts' ownership of it, and their exclusive right to use it in commerce, pursuant to 15 U.S.C. § 1115(b).

21. Also due to its incontestable status, the MASTERSCAPES mark is conclusively presumed to be distinctive, pursuant to 15 U.S.C. § 1115(b).

22. Additionally, MasterScapes' legitimate use of the MASTERSCAPES mark is expressly permitted by and inures to the Haughts' benefit under 15 U.S.C. § 1055 (expressly allowing the use of a trademark by companies related to a registrant, without affecting the trademark's validity or its registration).

**DEFENDANTS' UNLAWFUL ACTIVITIES**

23. In or around the summer of 2020, Plaintiffs became aware that Cropper was infringing the MASTERSCAPES mark by advertising, marketing, promoting, offering, selling, and providing lawn care, landscaping, land clearing, and related services under the names "Masterscapes" and "Masterscapes LLC", through Facebook.

24. On June 09, 2020, Plaintiffs' counsel sent Cropper a demand letter, advising him that Plaintiffs owned a federal trademark registration for the MASTERSCAPES mark, asserting that he was infringing the MASTERSCAPES mark, and demanding that he cease all uses of the MASTERSCAPES mark within 30 days after receiving the demand letter. *See* **Exhibit B** attached.

25. On July 27, 2020, Cropper and Daniel Haught communicated by phone regarding the demand letter, and Mr. Haught sent Cropper a confirming email regarding that call, on July 29, 2020. *See* **Exhibit C** attached.

26. In that July 29, 2020 confirming email, Mr. Haught noted Cropper's acknowledgement that the MASTERSCAPES mark belonged to the Haughts and is protected, and noted Cropper's agreement to change his company name immediately. *See id.*

27. In or around August of 2020, Cropper took down his Facebook page (previously accessible at https://www.facebook.com/masterscapesllc/) and took other actions to stop using the MASTERSCAPES mark, per his agreement with Mr. Haught.

28. As a result of Cropper's agreement and the corrective actions he took, Plaintiffs at that time considered the matter resolved.

29. However, in or around March of 2023, Plaintiffs discovered that Cropper had started infringing the MASTERSCAPES mark once again, by and through the following actions:

(a) Forming "Masterscapes Outdoor & Design LLC" with the State of Georgia (Entity Control Number 21107003) on April 09, 2021 (*see* **Exhibit D** attached);

(b) Creating and publishing a Facebook page for "MS Outdoor & Design LLC" on June 03, 2021, and prominently using and displaying the MASTERSCAPES mark therein (*see* **Exhibit E** attached);

(c) Purchasing the domain name <masterscapesoutdooranddesign.com> on or around January 05, 2022, and publishing an associated website for "Masterscapes Outdoor & Design LLC" that uses and displays the MASTERSCAPES mark (*see* **Exhibit F** attached); and

(d) Creating and publishing a Nextdoor.com page for "Masterscapes Outdoor & Design LLC" that prominently uses and displays the MASTERSCAPES mark (*see* **Exhibit G** attached).

30. Especially because they are viewable online through the Internet from anywhere in the U.S., Defendants' uses of the MASTERSCAPES mark described above are likely to cause confusion, mistake, and deception among the relevant

consuming public as to the source or origin of the Defendants' identical and closely related services, and are likely to confuse and deceive the relevant consuming public into mistakenly believing that Defendants' services originate from, are associated or affiliated with, or are otherwise authorized by Plaintiffs.

31. On March 23, 2023, Plaintiffs' counsel sent Cropper a demand letter, noting the same infringing activities detailed above, asserting that Cropper was again infringing the MASTERSCAPES mark, demanding that he cease all uses of the MASTERSCAPES mark by or before April 21, 2023, and requesting a written response from him or his attorney by or before March 31, 2023. *See* **Exhibit H** attached.

32. Plaintiffs' counsel sent the March 23, 2023 demand letter to Cropper's masterscapeslc@gmail.com email address on March 23, 2023 using email verification software. Cropper opened the email containing the March 23, 2023 demand letter multiple times that same day, and forwarded it as well. *See* **Exhibit I** attached.

33. Additionally, the March 23, 2023 demand letter was delivered to Defendants by FedEx Ground on March 28, 2023, at 5211 Long Hollow Road, Rock Spring, CA 30739 (FedEx Tracking No. 771646439376), and at 1687 W North Main St, Lafayette, GA, 30728 (FedEx Tracking No. 771646492344). The delivery to

Defendants' La Fayette, GA address was signed for by "S Cropper" on March 28, 2023. *See* **Exhibit J** attached.

34.     To date, Defendants have ignored the March 23, 2023 demand letter and continue to infringe the MASTERSCAPES mark, despite Cropper's prior 2020 acknowledgement of Plaintiffs' legal rights in and to the MASTERSCAPES mark, his previous agreement to change his company name, and the corrective actions he took in 2020 to stop infringing the MASTERSCAPES mark at that time.

35.     Accordingly, Cropper's new acts of trademark infringement and unfair competition, as alleged herein, are intentional, knowing, and willful.

**COUNT ONE:  TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))**

36.     Plaintiffs repeat and re-allege all paragraphs of this Complaint as if fully set forth herein.

37.     The Haughts are the owners of a valid and incontestable federal trademark registration for the MASTERSCAPES mark.

38.     Defendants' unauthorized use of the MASTERSCAPES mark in commerce, as alleged herein, is likely to confuse and deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' identical and closely related services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Defendants are in some way affiliated with, or sponsored by Plaintiffs.

39. Defendants' conduct, as alleged herein, constitutes trademark infringement, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

40. Cropper knew of and acknowledged the Haughts' exclusive and federally protected rights in and to the MASTERSCAPES mark, as early as the summer of 2020.

41. Despite this, Defendants have failed to discontinue the activities complained of herein, despite having actual notice that these activities infringe the Plaintiffs' exclusive and federally protected rights, and despite Cropper's prior 2020 acknowledgement of Plaintiffs' legal rights in and to the MASTERSCAPES mark, his previous agreement to change his company name, and the corrective actions he took in 2020 to stop infringing the MASTERSCAPES mark at that time.

42. Accordingly, Defendants' conduct complained of herein was and continues to be intentional, knowing, and willful.

43. Defendants' conduct, as alleged herein, is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

44. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of this action under Sections 34 and 35 of the

Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO:  UNFAIR COMPETITION (15 U.S.C. § 1125(a))

45. Plaintiffs repeat and re-allege all paragraphs of this Complaint as if fully set forth herein.

46. Defendants' unauthorized use of the MASTERSCAPES mark in commerce, as alleged herein, is likely to confuse and deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' identical and closely related services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Defendants are in some way affiliated with, or sponsored by Plaintiffs.

47. Defendants' unauthorized use in commerce of the MASTERSCAPES mark, as alleged herein, constitutes use of a word, term, name, symbol or device, or a false designation of origin, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiffs.

48. Upon information and belief, Defendants' conduct as alleged herein is willful, is intended to, and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiffs.

49. Defendants' conduct, as alleged herein, constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50. Defendants' conduct, as alleged herein, is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

51. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment in their favor and against Defendants as follows:

1. Adjudging that Defendants have violated Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)), and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a);

2. Ordering Defendants, their employees, agents, representatives, officers, directors, managers, members, successors, affiliates, subsidiaries and assigns, and

all persons and entities in active concert and participation with any one or more of them, to immediately and permanently cease and desist from engaging in any and all further acts of trademark infringement and unfair competition with regard to Plaintiffs and the MASTERSCAPES mark, including without limitation, to immediately and permanently cease and desist from engaging in any and all marketing, promotion, advertising, offering, selling, and providing of any landscaping, irrigation, design, and related property care services under the MASTERSCAPES mark, or any derivation thereof, and from any and all use of a mark that includes the term "MasterScapes" or "Masterscapes";

3. Awarding Plaintiffs an amount up to three times the amount of Plaintiffs' actual damages sustained, to compensate them for their losses, damage to their business reputation, and/or lost sales and profits caused by Defendants' unlawful conduct, pursuant to 15 U.S.C. § 1117;

4. Awarding Plaintiffs an amount equal to all of Defendants' profits attributable to their unlawful conduct, and enhanced as appropriate to compensate Plaintiffs for the damages caused thereby, pursuant to 15 U.S.C. § 1117;

5. Awarding Plaintiffs their costs of this action, pursuant to 15 U.S.C. § 1117;

6. Awarding Plaintiffs interest, including pre-judgment and post-judgment interest, on the foregoing sums;

7. Declaring that this is an exceptional case per Defendants' intentional, knowingly, and willful violations of 15 U.S.C. §§ 1114(1) and 1125(a), and awarding Plaintiffs their reasonable attorneys' fees thereunder, pursuant to 15 U.S.C. § 1117;

8. Ordering Defendants to engage in corrective advertising, at their sole expense, sufficient to counteract the public confusion that has arisen as a result of Defendants' unlawful conduct; and

9. Awarding such other and further relief as this Court deems just and proper.

Dated this 20th day of April, 2023.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
**RILEY & SCARBOROUGH LLP**

*/s/Mark S. VanderBroek*
Mark S. VanderBroek (Ga Bar No. 724440)
201 17th Street, N.W., Suite 1700
Atlanta, GA 30363
(404) 322-6000 (Phone)
(404) 322-6050 (Fax)
E-mail: mark.vanderbroek@nelsonmullins.com

Michael B. Dvoren
(Arizona Bar No. 027386)
(*Pro Hac Vice Application Forthcoming*)
**RM Warner, PLC**
E-mail: michael@rmwarnerlaw.com
8283 N. Hayden Rd., Suite 229
Scottsdale, AZ 85258
Telephone: (480) 331-9397
Fax: (866) 961-4984

*Attorneys for Plaintiffs.*